NO. 07-03-0025-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 11, 2003



______________________________




ANTHONY LEON SUMMERS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 128TH DISTRICT COURT OF ORANGE COUNTY;



NO. A-010013-R; HONORABLE PATRICK A. CLARK, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, appellant was convicted by a jury of felony driving while
intoxicated and punishment was assessed by the trial court at 12 years confinement. After
appellant perfected this appeal, the clerk's record was filed on January 21, 2003. However, two
extensions of time have been granted for filing the reporter's record because appellant, who is
proceeding pro se, has not requested in writing that the record be prepared. See Tex. R. App.
P. 34.6(b)(1). Official Court Reporter, Holli Holgan-Landry, has now filed a third motion for
extension of time. Thus, we now abate the appeal and remand the cause to the trial court for
further proceedings. See Tex. R. App. P. 37.3(a)(2). The reporter's record will be due 30 days
following reinstatement of this appeal.

 Upon remand, the trial court shall immediately cause notice of a hearing to be given and,
thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute this appeal; and if so,


 whether appellant is indigent and entitled to appointed counsel; and


 3. why appellant has been deprived of a reporter's record.


The trial court shall cause the hearing to be transcribed. Should it be determined that appellant
does want to continue this appeal, then the trial court shall take such measures as may be
necessary to assure appellant a reporter's record. If appellant is indigent, the trial court shall
also appoint counsel and provide the name, address, telephone number, and state bar number
of said counsel and include the information in an order appointing counsel. The trial court shall
execute findings of fact, conclusions of law, and such orders as the court may enter regarding
the aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included in the
appellate record. Finally, the trial court shall file the supplemental records with the Clerk of this
Court by Wednesday, June 11, 2003.

 It is so ordered.

 Per Curiam

Do not publish.

 



SPAN>Id.§154.062(b). Should
those net resources equal or be less than $6000, then the trial court calculates the monthly
support by multiplying the monthly net resource by 20%. Id. §154.125(b). Here, however,
the parties agreed to multiply the monthly net resource by 16%. 

 Application of Standard 

 Needless to say, the evidence appearing of record that concerns Bach's gross and
net monthly income was hardly uncontradicted. Nevertheless, his year 2000 tax return
indicated that he had a gross annual income approximating $45,500. (2) Dividing this
number by 12 yielded a gross monthly income approximating $3790. Per applicable Texas
Attorney General tax chart, the gross sum of $3790 yielded a net monthly resource
approximating $2942. Sixteen percent of $2942 yielded a monthly child support payment
approximating $470. Here, the court ordered that Bach pay $465.12 as monthly child
support. As can be seen, the conclusion enjoys the support of probative evidence and,
consequently, does not evince an abuse of discretion. 

 Accordingly, we affirm the child support order of the trial court.

 

 Brian Quinn

Do not publish. Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002).
2. In an effort to determine the monthly child support, the legislature mandated, among other things,
that the parties produce copies of income tax returns for the past two years, financial statements, and current
pay stubs. Tex. Fam. Code Ann. §154.063(2) (Vernon 2002) (emphasis added). Given that the hearing at
bar was held in September of 2001, Bach's year 2000 tax return was relevant evidence in assessing his
gross annual income, net monthly resources, and child support obligation.